# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SIXTO ISIDRO CORTES SINISTERRA,<br><br>　　　　　　　　　　　Defendant. | Case No. 21-cr-03429-BAS-3<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE (ECF No. 98)** |

　　　Defendant Juan Sixto Isidro Cortes Sinisterra pled guilty to Possession with intent to distribute 2630 kilograms of cocaine and operating a semi-submersible vessel without nationality submerged to avoid detention. (ECF No. 59.) The Court sentenced Defendant to 108 months concurrent on each count. (ECF No. 97.)

　　　Since then, the U.S. Sentencing Commission adopted amendments to the United States Sentencing Guidelines ("U.S.S.G."), which were submitted to Congress and became effective November 1, 2023. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); U.S.S.G. Amend. 821. Under Part B, these retroactive amendments added an "Adjustment for Certain Zero-Point Offenders." U.S.S.G. § 4C1.1. This adjustment provides for a two-point decrease in the offense level for defendants who

"did not receive any criminal history points" when calculating the defendant's criminal history. *Id.* § 4C1.1(a)(1)–(10).

Based these amendments, Defendant now files a Motion to Reduce Sentence. (ECF No. 98.) The Court referred the Motion to the Federal Defenders Office for an evaluation. (ECF No. 99.) Federal Defenders has now filed a Status Report concluding the Court "can decide the Motion on the existing record without the assistance of counsel." (ECF No. 101.)

At the time of sentencing, the Court calculated Defendant's original guideline range as 168–210 months (based on a base offense level of 35 and a criminal history category of I). Defendant had no prior criminal record, so he qualifies under the new guideline amendments as a zero-point offender. (Presentence Report ¶¶ 40–41, ECF No. 67.) Thus, his base offense level would now be 33, and his new guideline range is 135–168 months.

However, at the original sentencing, the Court departed downward and imposed a sentence of 108 months. (ECF No. 97.) This 108-month sentence would still be below Defendant's guideline range even after the guideline amendments are applied. Under Application Note 3 to U.S.S.G. § 1B1.10, the Court may only reduce a defendant's sentence—because of an amended guideline—to the low end of the amended guideline range. In this case, the low end of the amended guideline range is 135 months. Since the Court sentenced Defendant to a lower sentence of 108 months, Defendant is not entitled to a reduced sentence.

Therefore, Defendant's Motion to Reduce Sentence (ECF No. 98) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: April 19, 2024**

Hon. Cynthia Bashant
United States District Judge