**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA,
Plaintiff,

v.

SIXTO ISIDRO CORTES SINISTERRA,
Defendant.

Case No. 21-cr-03429-BAS-3

**ORDER DENYING RENEWED MOTION TO REDUCE SENTENCE (ECF No. 118)**

Defendant Sixto Isidro Cortes Sinisterra pled guilty to possession with intent to distribute 2,630 kilograms of cocaine and operating a semi-submersible vessel without nationality submerged to avoid detention. (ECF No. 59.) The Court sentenced Defendant to 108 months concurrent on each count. (ECF No. 97.)

Since then, the U.S. Sentencing Commission adopted amendments to the United States Sentencing Guidelines ("U.S.S.G."), which were submitted to Congress and became effective November 1, 2023. *See* U.S.S.G. Amend. 821. Under Part B, these retroactive amendments added an "Adjustment for Certain Zero-Point Offenders." U.S.S.G. § 4C1.1. This adjustment provides for a two-point decrease in the offense level for defendants who "did not receive any criminal history points" when calculating the defendant's criminal history. *Id.* § 4C1.1(a)(1)–(10).

Based on these amendments, Defendant filed a Motion to Reduce Sentence in March 2024. (ECF No. 98.) On April 19, 2024, the Court denied the Motion. (ECF No. 102.) The Court explained:

> At the time of sentencing, the Court calculated Defendant's original guideline range as 168–210 months (based on a base offense level of 35 and a criminal history category of I). Defendant had no prior criminal record, so he qualifies under the new guideline amendments as a zero-point offender. (Presentence Report ¶¶ 40–41, ECF No. 67.) Thus, his base offense level would now be 33, and his new guideline range is 135–168 months.
>
> However, at the original sentencing, the Court departed downward and imposed a sentence of 108 months. (ECF No. 97.) This 108-month sentence would still be below Defendant's guideline range even after the guideline amendments are applied. Under Application Note 3 to U.S.S.G. § 1B1.10, the Court may only reduce a defendant's sentence—because of an amended guideline—to the low end of the amended guideline range. In this case, the low end of the amended guideline range is 135 months. Since the Court sentenced Defendant to a lower sentence of 108 months, Defendant is not entitled to a reduced sentence.

(*Id.*)

Defendant has since filed a Renewed Motion to Reduce Sentence. (ECF No. 118.) The Court referred the Renewed Motion to the Federal Defenders Office for an evaluation. (ECF No. 119.) Federal Defenders filed a Status Report concluding the Court "can decide the Motion on the existing record without the assistance of counsel." (ECF No. 121.) Federal Defenders provided an additional letter for the Court to consider as part of Defendant's request. (ECF No. 121-1.)

Having reviewed and considered the Renewed Motion and the accompanying letter, the Court confirms that Defendant is not entitled to relief. First, Defendant argues his below-guideline-range sentence should be proportionally reduced in light of the adjustment for zero-point offenders. (ECF No. 118.) As the Court previously explained, Defendant's existing sentence is already below the amended guideline minimum. Section 1B1.10(b)(2)(A) generally prohibits a further reduction below that minimum. The Court recognizes there is an exception authorizing a further reduction below the amended

guideline range. However, that exception only applies when "the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S.S.G. § 1B1.10(b)(2)(B). No such motion was filed here.

Second, Defendant argues his sentence should be reduced in light of Amendment 833 to the U.S.S.G. (ECF No. 118.) Amendment 833, which went into effect on November 1, 2025, instructs courts on the application of a mitigating role adjustment for drug offenders with minimal or minor participation in any criminal activity. U.S.S.G. Amend. 833. Yet, unlike Amendment 821, Amendment 833 is not retroactive. "The Sentencing Commission considered whether to make Amendment 833 retroactive, but after public notice and comment, the Commission decided not to." *United States v. Jimenez*, No. CR07-00343JLR, 2026 WL 412285, at *2 (W.D. Wash. Feb. 13, 2026) (citation modified); *accord United States v. Nunez*, No. 2:25-cr-00394-MIS, 2026 WL 36101, at *1 (D.N.M. Jan. 6, 2026) ("Amendment 833 is not among the covered amendments listed in § 1B1.10(d) and thus has not been made retroactive by the Sentencing Commission."). Hence, Amendment 833 does not entitle Defendant to relief.[1]

//

//

//

//

//

//

[1] Defendant acknowledges that the amendment is not retroactive and instead asks the Court to consider it in exercising discretion under 18 U.S.C. § 3553(a). But consideration of the Section 3553(a) factors follows the initial determination of whether a reduction is authorized under U.S.S.G. § 1B1.10. In other words, those factors do not independently authorize the Court to reduce Defendant's sentence. *See Dillon v. United States*, 560 U.S. 817, 826–27 (2010) (explaining the "two-step inquiry" for a sentencing reduction and "the limited nature of § 3582(c)(2) proceedings").

In sum, the Court previously applied Amendment 821 and determined that Defendant's 108-month sentence was already below the amended guideline minimum. Defendant's Renewed Motion does not establish a basis for departing from the limitation in U.S.S.G. § 1B1.10(b)(2)(A). Accordingly, Defendant's Renewed Motion to Reduce Sentence (ECF No. 118) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: October 23, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**